## GRAHAM *et al.* v. SAPPINGTON.

No. 827.   Opinion Filed May 9, 1911.

**APPEAL AND ERROR—Review—Findings of Master—Conclusiveness.** Where, prior to statehood, a suit in equity was referred to a master in chancery to report his findings both of fact and law, a judgment entered on his report by the court below should not be disturbed unless it appears that the report is clearly in conflict with the weight of the evidence on which it is based.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action by H. M. Sappington against W. A. Graham and O. R. Graham. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. H. Langley* and *W. H. Kornegay,* for plaintiffs in error.

*Preston C. West, E. R. Jones,* and *W. M. Mellette,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, to recover an alleged balance due him on a certain cattle contract entered into between the defendant W. A. Graham, as the first party, and the defendant O. R. Graham and plaintiff Sappington, as the second parties. The petition alleged, in substance, that on or about the 27th day of September, 1896, the plaintiff with O. R. Graham entered into an agreement with said defendant W. A. Graham to enter into the business of buying, feeding, and selling cattle, whereby the said plaintiff and O. R. Graham agreed and undertook to give their entire time and service to said business, and said W. A. Graham agreed to furnish the money necessary to purchase cattle and run said business; that, in pursuance of said agreement, a large number of cattle were purchased and the money necessary therefor was furnished by the said W. A. Graham, and the said plaintiff and O. R. Graham, in accordance with said agreement, gave their entire time and attention to said cattle until the 20th of February, 1899, when the last of said cattle were sold. That the said W. A. Graham was the bookkeeper of said concern, and that after said business was wound up the books of said concern showed a net profit of $15,817.78, which would leave, on a proper accounting, due the plaintiff the sum of $2,954.-49, which said defendant Graham refused to pay. The answer of the defendant W. A. Graham admitted the execution of the contract and further alleged, in substance, that at the time of making said agreement it was also agreed that, in addition to giving him a part of the profits arising from said business, said Sappington and O. R. Graham were to pay interest at the rate of ten per cent. per annum upon all advances from the time said advances were made until date of settlement. That, pursuant to said agreement, the defendant furnished for buying cattle large sums of money, as shown by a statement attached to his answer as an exhibit. That from said statement it appears that the plain-

tiff Sappington was justly indebted to the defendant in the sum of $1,777.30, as well as interest on the advances made from the date thereof till paid at the rate of ten per cent. per annum, for which sum he prays judgment. The cause was referred to a master, on the motion of the defendant, who found in favor of the plaintiff, and the action of the master being approved by the court, and judgment entered in accordance with his recommendations, an appeal was taken to this court.

The main difference between the parties seems to be the question whether Sappington and O. R. Graham were to pay interest on the advances made by W. A. Graham. Sappington contends that W. A. Graham was to receive one-half of the profits of the business after deducting all expenses for running the same, and W. A. Graham contends that he was to receive ten per cent. interest on such advances. On final reference (there seems to have been two references), the special master found:

"That there was no agreement upon the part of Sappington and O. R. Graham, or understanding, to pay W. A. Graham interest on advances for expenses. That at the time the parties entered into the agreement to enter into the cattle business, no agreement was made for the distribution of the profits, and none was made until in August, 1898, when it was agreed that W. A. Graham was to receive one-half of the gross profits, Sappington and O. R. Graham the other half, and from their half they were to repay W. A. Graham all money advanced by him for expenses, dividing the balance equally between them."

After making further findings based upon the theory that W. A. Graham was not to receive interest upon money advanced for expenses, the referee finds that the sum so due Sappington from W. A. Graham amounted to $371.32. We do not believe the findings of the master should be disturbed. There is no question of law involved in the case whatever. It is the settled rule of this court not to weigh evidence to determine where the preponderance of proof lies. The record bears proof that the master gave due care to all of the complicated facts connected with the settlement, and, after carefully reviewing the evidence, we are satisfied that none of his findings are unsupported. The court below

no doubt also examined the record with care before entering judgment, and it comes to us with the added weight of its approval. Counsel for plaintiffs in error in their brief admit that "there are only two questions, the first being whether interest should be allowed on the advances made by W. A. Graham to H. M. Sappington and O. R. Graham; the second being whether the full feeding expenses should be charged to Sappington and O. R. Graham, or whether the full feeding expenses should be borne by the cattle fund, i. e., one-half by Sappington and O. R. Graham, the other by W. A. Graham." The finding of the master on the question of interest has heretofore been set out. The question of "full feeding" arose during the trial, the plaintiff contending that that item of expense should be borne by the defendant individually and the defendant contending that it should be borne by the cattle fund, each party contending that the other should be charged for "full feeding" certain cattle during the life of said contract. On that question, as on the others, the master found in favor of Sappington. As there was a conflict in the evidence on that point, under the rule above announced, this finding of the master must stand.

There was a small judgment rendered in favor of Sappington against O. R. Graham, but, as there seems to be no serious controversy between those parties, their affairs are not mentioned here.

The judgment of the court below is affirmed.

All the Justices concur.